I respectfully dissent. As esoteric and complex as the Ohio Supreme Court has rendered the uninsured and underinsured clauses in policies of automobile insurance, it is not desirable to supplement this muddle.
The threshold question in all uninsured and underinsured motorist questions is: Are these plaintiffs "insureds?" The definitional analysis in this case is outcome dispositive. The "insured" in this case, referred to as "you" throughout the definitional section, is Real Estate Connection, Inc., d.b.a. Premier Real Estate Connection, the employer of Gail E. Robart. Clearly excluded at Section II.A.1.b.2 of the liability coverage of the business auto coverage form of the insurance contract is "(2) Your employee [Robart] if the covered `auto' is owned by that employee or a member of his or her household." This employee was driving her personal automobile. She is, therefore, not an "insured."
It is true that a majority of the Ohio Supreme Court found ambiguity in the word "you" as used in the contract construed in the Scott-Pontzer
case. Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 663-65. The court, however, did not indicate that "you" is per se ambiguous. Unlike its use in the Scott-Pontzer case, the term "you" in the present case is clearly definite and unambiguous.
In reviewing the Scott-Pontzer case and applying the holding ofScott-Pontzer to the facts of the case before him, the federal district court for the Northern District of Ohio, Eastern Division, found that the "insureds" were carefully and narrowly defined in the policy and that, under the policy, the plaintiffs were not "insureds." Estate of CarlaMyers v. CNA Financial Corp. (N.D.Ohio. Jan. 23, 2001), Case No. 5:00-CV-1759, unreported.
As the plaintiffs in this case are not "insureds" under the express terms of the policy, the trial court should be affirmed.